UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIEGO SAMUEL MANCIA VENTURA (A-Number: 249-404-485),

Petitioner,

v.

WARDEN, CALIFORNIA CITY,

Respondent.

No. 1:26-cv-05422-KES-CDB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Diego Samuel Mancia Ventura is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained on the grounds that he is subject to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing at which the government bears the burden to prove that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

Respondent maintains that petitioner is subject to 8 U.S.C. § 1225(b)(2)(A) but

acknowledges that the Ninth Circuit rejected its position in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). *See* Doc. 6. Respondents state that in light of *Rodriguez Vasquez*, "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." *See id.* at 1. But the record shows that immigration authorities encountered petitioner when he entered the United States as a minor on June 3, 2024, and they released him to the care of a custodian and placed him in Section 240 removal proceedings on his own recognizance. *See* Docs. 8, 8-1, 8-2, 8-3. Respondents do not assert that petitioner violated any of the terms of his release.

For the reasons stated in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the Court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents have not identified any

urgent circumstances in this case.

The petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Diego Samuel Mancia Ventura (A-Number: 249-404-485) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 13, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.